UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIONNE BRYANT** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-5181** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Dionne Bryant's ("Bryant") unopposed motion[1] for leave to file an amended complaint to add Louisiana Insurance Guaranty Association ("LIGA") as a defendant and to amend the caption to reflect that change.

Because both Bryant and LIGA are citizens of Louisiana,[2] granting Bryant's motion would destroy the Court's diversity jurisdiction. Federal courts must consider jurisdiction *sua sponte* even if the issue is not raised by the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citing *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990)).

The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when an amended pleading would destroy diversity

---

[1] R. Doc. No. 15.
[2] Both the original complaint and proposed amended complaint state that Bryant is a resident of Louisiana. R. Doc Nos. 1, ¶ 3 and 15-4, at 1. The proposed amended complaint alleges that LIGA is domiciled in Louisiana, R. Doc. No. 15-4, ¶ 1, and courts have previously held that LIGA has the citizenship of each of its constituent member insurers for purposes of diversity jurisdiction, including Louisiana. *See Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991); *Landry v. Circle K Stores, Inc.*, No. 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) (Vance, J.).

jurisdiction, the Court "should scrutinize that amendment more closely than an ordinary amendment" by considering "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Considering these factors, the Court finds that leave to amend should be granted. The purpose of the amendment is not to defeat federal jurisdiction, but to permit Bryant to assert claims against LIGA, which Bryant alleges has a statutory obligation to pay damages now that the original defendant is in receivership.[3] Bryant has also not been dilatory in moving to amend the complaint since this case was stayed until July 17, 2023, ten days before the instant motion was filed.[4] It is not clear to the Court whether denying leave to amend would significantly injure Bryant, though the Court observes that Bryant is the party who filed the motion for leave to amend. Finally, the Court notes that counsel for both United Property & Casualty Insurance Company and LIGA do not oppose the motion for leave to amend[5] and that LIGA's counsel informed Bryant's counsel that filing the instant proposed amended complaint would destroy the Court's diversity jurisdiction.[6] Accordingly,

---

[3] R. Doc. No. 15, at 1. The Court notes that Bryant originally filed this lawsuit in federal court. *See* R. Doc. No. 1 (Complaint).
[4] *See* R. Doc. No. 14, at 1.
[5] R. Doc. No. 15, at 2.
[6] R. Doc. No. 15-1, at 2.

**IT IS ORDERED** that the motion for leave to file an amended complaint is **GRANTED**. The proposed amended complaint shall be filed into the record.

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the case caption to reflect that the Louisiana Insurance Guaranty Association is a defendant in this matter.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

New Orleans, Louisiana, August 2, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**